## Boyle's Estate

*Joseph D. Burke*, for exceptants.
*William Ginsburg* and *George F. Lowenthal*, contra.

318

319

*Joseph D. Burke,* for exceptants.

*William Ginsburg* and *George F. Lowenthal,* contra.

KLEIN, J., March 13, 1942.—We are all of the opinion that the auditing judge was clearly correct in ruling that testator intended, by the use of the words "all my cash if any", to pass only the cash in his possession at the time of his death and not the rest of his personal property.

In construing a will, any permissible interpretation is to be preferred which will preserve the equality of benefits among testator's children who are named as beneficiaries. Consequently, a construction which works an invidious distinction between the heirs is to be avoided wherever possible. See Hirsh's Trust Estate, 334 Pa. 172 (1939). If exceptants' contentions were accepted, the son, Edward, would be materially preferred over his brothers and sisters. A reading of the entire will convinces us that testator did not intend such a preference. On the contrary, it seems clear that he desired his estate to be divided substantially equally among the six children whom he named.

We have given careful study to the other arguments presented by learned counsel for exceptants, but they have failed to convince us that the auditing judge made any error in his adjudication.

The exceptions are, therefore, all dismissed, and the adjudication confirmed absolutely.